# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Jesus M. RODRIGUEZ-DELGADO,**
    *Petitioner*,

v.

**Kristi NOEM**, Secretary,
Department of Homeland Security;

**Todd LYONS**, ICE Acting Director
Immigration and Customs Enforcement (ICE)
Department of Homeland Security; and

**Garrett J. RIPA**, ICE Miami Field Office Director,
Immigration and Customs Enforcement (ICE)
Department of Homeland Security;

**Angelica ALFONSO-ROYALS**, USCIS Acting Director,
U.S. Citizenship and Immigration Services (USCIS),
Department of Homeland Security;

**Ruth DOROCHOFF**, USCIS District Director (District 10),
United States Citizenship and Immigration Services (USCIS),
Department of Homeland Security;

**Shelly RANDALL**, USCIS Field Office Director (Fort Myers, FL),
United States Citizenship and Immigration Services,
Department of Homeland Security; and,

**Pamela BONDI**, Attorney General of the United States
U.S. Department of Justice,

    *Defendants*.
_____/

# Petition for Writ of Habeas Corpus under Title 28 U.S.C. § 2241 and Title 28 U.S.C. § 1983 (The Bivens Act), and other Relief
# (EMERGENCY - NONCITIZEN DETAINED for REMOVAL from US)

**COMES NOW JESUS M. RODRIGUEZ-DELGADO,** hereinafter "Petitioner," in the above captioned case, by and through undersigned, and submits this Writ of Habeas Corpus and Complaint under 42 U.S.C. § 1983 (the Bivens Act) against Defendants, both agencies of the U.S. Department of Homeland Security, including, U.S. Citizenship and Immigration Services (USCIS), and Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations ("ERO"), for unlawfully detaining Petitioner and barring Petitioner from having his Form I-485, Application to Register or Adjust Status to lawful Permanent Resident, considered and Adjudicated by U.S. Citizenship and Immigration Services (USCIS).

**Venue**

"A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which … (B) a substantial part of the events or omissions giving rise to the claim occurred". 28 U.S.C. § 1391(e)(1).

**Emergent Nature of Petitioner's Action**

Petitioner's Alien/Agency # before the DHS, ICE and USCIS is A **216-781-447**.

Upon knowledge and belief, the DHS-ICE-ERO, within the jurisdiction of the U.S. District Court, Southern District of Florida, specifically, in Miami-Dade and Broward Counties, have illegally placed Petitioner in expedited removal proceedings, which he is not amenable to because he has been in the U.S. more than two years after the CBP determined Petitioner was inadmissible into the U.S. ICE's action of placing Petitioner in expedited removal proceedings will result in

Petitioner's resultant removal and Petitioner's I-485 not being processed nor adjudicated by USCIS.

Expedited Removal Proceedinsg generally take less than ten (10) days to complete, hence, the name, Expedited Removal Proceedings and the emergent nature of this writ of Habeas Corpus and Bivens Action. 8 U.S.C. § 1255(b), INA § 235(b).

The DHS-ICE-Enforcement Removal employees involved in Petitioner's placement in expedited removal proceedings are;

Ms. Janelle C. CRUZ, Assistant Chief Counsel (Miami, Florida OPLA), janelle.c.cruz@ice.dhs.gov, and,

Mr. Joseph M. QUINN, Deportation Officer (DO), joseph.m.quinn@ice.dhs.gov .

Upon knowledge and belief, Respondent is currently detained at an ICE detention facility in "El Paso. Texas" [1]

The named ICE employees, and others unknown to Petitioner at this time, are under the general supervision of defendants NOEM, LYONS and RIPA.

The USCIS employees, unknow to Petitioner, are under the general supervision of defendants NOEM, DOROCHOFF and RANDALL.

**Relevant Factual Background**

1. On 8/17/2020, Petitioner, a native and citizen of Cuba, entered the U.S. "at or near El Paso, TX".

---

[1] See **Exhibit (Ex.) A** – Emails Between Undersigned's Firm and ICE Employees, DO Joseph M. Quinn's 6/6/2025 Email to Undersigned's Associate Attorney

2. On 8/19/2020 the Department of Homeland Security ("DHS"), Customs Border Protection ("CBP") 1) detained Petitioner, 2) placed Petitioner on the MPP Program, 3) issued its Notice to Appear ("MPP-NTA") [2] to Petitioner, and, 4) was returned to Mexico.

3. The MPP-NTA scheduled Petitioner for a December 22, 2020 hearing before the Immigration Court set up at "700 E. San Antonio, Ste 750, El Paso, TX US 79901". [3]

4. On August 25, 2020 the DHS filed its MPP-NTA with the Immigration Court. [4]

5. On May 17, 2021, the DHS issued to Petitioner a humanitarian parole under 8 U.S.C. § 1182(d)(5), INA § 212(d)(5). [5]

6. The "DT" designation in Petitioner's Form I-94 indicates that a "humanitarian parole" was issued to Petitioner. [6]

7. Petitioner's parole expired on May 15, 2022. *Id*.

8. On July 22, 2021 ICE-ERO Tampa, FL scheduled Petitioner to appear at its office on September 24, 2021, for "OSUP/OREC", meaning, for placement/participation on an order of supervision [7] or an order of release on recognizance [8]. [9]

9. On May 15, 2022 Petitioner's May 17, 2021 parole expired. *Id*.

---

[2] **Ex. B** – Notice to Appear ("MPP-NTA") for Petitioner.
[3] **Ex. C** – CBP's Form 0839 further informed Petitioner to present himself at the Paso Del Norte Point of Entry (POE), located a t 1000S. El Paso St., El Paso, Texas, on December 22, 2020.
[4] **Ex. D** – EOIR 6/11/2025 Online Case Status Result for Petitioner.
[5] **Ex. E** – Form I-94 for Petitioner.
[6] **Ex. F** – ICE Fact Sheet re "DT"/Humanitarian Parole.
[7] 8 U.S.C. § 1231(a)(3), INA § 241(a)(3).
[8] 8 U.S.C. § 1226, INA § 236.
[9] **Ex. G** – ICE Form G-56.

10. Petitioner submitted Form's I-485 and I-765, to USCIS, which were received on January 28, 2025. [10]

11. On March 5, 2025, USCIS captured Respondent's biometrics (fingerprints, etc.). [11]

12. On April 1, 2025, DHS approved Petitioner's I-765. [12]

13. Petitioner was ultimately scheduled for a May 30, 2025 hearing in the U.S. Immigration Court, Miami, Florida, which Petitioner attended without counsel.

14. In the continued removal proceedings, ICE-OPLA suggested to Petitioner that termination of his removal proceeding was an option so he could proceed to have his I-485 processed and considered by USCIS.

15. A recording of the May 30, 2025 hearing before the Immigration Court in Petitioner's matter [13] reveals Petitioner confused, but nonetheless, eager to terminate his removal proceedings so that USCIS could continue to process his Form I-485, reason for which Petitioner did not oppose DHS-ICE's surprise motion for dismissal.

16. At same May 30, 2025 hearing, the Immigration Court dismissed Petitioner's removal proceedings. [14]

---

[10] **Ex. H** – I-797C Receipt for I-485, Application to Register or Adjust Status to Lawful Permanent Resident # MSC-25-903-**43273**) and Application for Employment Authorization Document (EAD) # MSC-25-903-**43274**)
[11] **Ex. I** – I-797C Notice of Taking Biometrics.
[12] **Ex. J** – I-797C- Notice of Employment Authorization Document ("EAD") Approval (# MSC-25-903-**43274**) and EAD Card Envelope.
[13] Undersigned is currently having the official recording from the U.S. Immigration Court May 30, 2025 hearing in Petitioner's matter transcribed to be provided to this Court in a forthcoming supplement.
[14] **Ex. K** – Immigration Court's 5/30/2025 Order Dismissing Petitioner's Removal Proceedings.

17.     Upon exiting the Immigration Court, ICE detained Petitioner, despite Petitioner's pleas that he could not return to Cuba because he had been persecuted in Cuba and imprisoned due to his political opinion. [15]

18.     Several days passed at which time undersigned learned Petitioner had been relocated to El Paso, Texas.

19.     On, June 6, 2025, ICE-ERO, through electronic correspondence, confirmed Petitioner had been in DHS custody seven (7) days and that Petitioner was "subject to Expedited Removal proceedings". [16]

20.     On or after June 9

21.     On June 9, 2025, undersigned's Associate Attorney, Nathaly Henriquez, conferred with ICE-OPLA Assistant Chief Counsel, Janelle C. Cruz, in an attempt to learn why ICE sought dismissal of Petitioner's removal proceedings just so that ICE could thereafter place Petitioner in expedited removal proceedings despite Petitioner not being amenable to such removal proceeding. [17]

22.     Undersigned's Associate Attorney Henriquez informed undersigned that she was unable to gather an suitable answer from ICE Assistant Chief Counsel Cruz.

**Petitioner, Categorically, is not subject to Expedited Removal under § 1225, § 235(b)**

> 8 C.F.R. § 235.3(b)(1), titled, "*Expedited removal—*(1) *Applicability.*
> The expedited removal provisions shall apply to the following classes of aliens who are determined to be inadmissible under section 212(a)(6)(C) or (7) of the Act:
> (i) Arriving aliens, as defined in 8 CFR 1.2;
> (ii) As specifically designated by the Commissioner, aliens who arrive in, attempt to enter, or have entered the United States without having been admitted or paroled

---

[15] Undersigned has learned Petitioner was a persecuted political prisoner in Cuba who served imprisonment for his anti-revolutionary political opinion and stance.

[16] See **Exh. A** – Emails Between Undersigned's Firm and ICE Employees.

[17] Associate Attorney Henriquez will be providing a sworn declaration in forthcoming supplement. However, undersigned's associate counsel is immediately available to this Court for questioning.

> following inspection by an immigration officer at a designated port-of-entry, *and who have not established to the satisfaction of the immigration officer that they have been physically present in the United States continuously for the 2-year period immediately prior to the date of determination of inadmissibility*. The Commissioner shall have the sole discretion to apply the provisions of section 235(b)(1) of the Act, at any time, to any class of aliens described in this section.
> ….
> When these provisions are in effect for aliens who enter without inspection, the *burden of proof rests with the alien to affirmatively show that he or she has the required continuous physical presence in the United States*. Any absence from the United States shall serve to break the period of continuous physical presence. An alien who was not inspected and admitted or paroled into the United States but who establishes that he or she has been continuously physically present in the United States for the 2-year period immediately prior to the date of determination of inadmissibility shall be detained in accordance with section 235(b)(2) of the Act for a proceeding under section 240 of the Act.

23. Thus, Petitioner has not been "absen[t] from the United States shall serve to break the period of continuous physical presence."

24. Thus, as demonstrated with DHS's August 19, 2021, MPP-NTA, Petitioner meets his "burden of proof" in demonstrating "he … has the required continuous physical presence in the United States", *i.e.*, "the 2-year period immediately prior to the date of determination of inadmissibility", in Petitioner's case, August 19, 2020, the date DHS issued its MPP-NTA; more than three (3) years. [18]

**Petitioner's Parole, has, neither, been Revoked nor Terminated**

25. Petitioner's parole expired on May 15, 2022[19], therefore the DHS is unable to "revoke[] or terminate[]" Petitioner's parole.

---

[18] Since Petitioner was paroled in May, 2021, Petitioner has exclusively resided and remained within the contiguous U.S. over four (4) years.
[19] 8 C.F.R. § 245.1, at subsection "(d)", titled, "*Definitions*", provides,
    (1) *Lawful immigration status*.
        For purposes of section 245(c)(2) of the Act, the term "lawful immigration status" will only describe the immigration status of an individual who is:

26. Moreover, Petitioner is entitled to notice of any intent to revoke or terminate his parole. [20]

27. Notably, 8 C.F.R. § 212.5(e)(2) requires "[a]ny further inspection or hearing" of an individual whose parole has expired "shall be conducted under section 235 or 240 of the Act".

28. DHS, however, cannot place Petitioner in Expedited Removal proceedings under 8 U.S.C. § 1225, INA § 235, where more than two (2) years have passed since the determination of inadmissibility was made, *i.e.*, August 19, 2020.

29. Based on the foregoing, the only lawful action the DHS may undertake with Petitioner is placement in removal proceedings under 8 U.S.C. § 1229a, INA § 240.

30. Unfortunately, ICE recently asked the Immigration Court to dismiss Petitioner's removal proceedings for the purpose of detaining Petitioner for the unlawful purpose of unlawfully placing Petitioner in Expedited Removal Proceedings under 8 U.S.C. § 1225, INA § 235(b); which Petitioner in no manner is subject to.

31. Since May 30, 2025, Petitioner has been, and continues to be, unlawfully detained in DHS-ICE custody.

---

(ii) An alien admitted to the United States in nonimmigrant status as defined in section 101(a)(15) of the Act, whose initial period of admission has not expired or whose nonimmigrant status has been extended in accordance with part 214 of this chapter;
(iii) In refugee status under section 207 of the Act, such status not having been revoked;
(iv) In asylee status under section 208 of the Act, such status not having been revoked;
***(v) In parole status which has not expired, been revoked or terminated***;
(vi) Eligible for the benefits of Public Law 101–238 (the Immigration Nursing Relief Act of 1989) and files an application for adjustment of status on or before October 17, 1991.
(*emphasis as original and added*).
[20] See 8 C.F.R. § 212.5(e)(2)(i).

32. Moreover, the DHS-ICE's actions of detaining Petitioner in an effort to expeditiously deport him is to bar the Petition from having his application for adjustment of status rendered moot upon such deportation, albeit illegal in nature.

33. The adverse actions alleged in this writ of habeas corpus were initiated and put into operation within the jurisdiction of this U.S. District Court, Southern District of Florida.

34. Petitioner is not the subject of any order of removal.

35. Petitioner is not the subject of any criminal arrest, charge, conviction, in the U.S.

**Conclusion**

In a trial before this U.S. District Court, Petitioner will prove that ICE-OPLA and ICE-ERO employees in the Southern District of Florida, known and unknown, have collude and criminally conspired to deprive, and continue to do so, by depriving Petitioner of his right to be free from detention and are willfully and knowingly taking adverse actions to bar Petitioner from having USCIS process and adjudicate Petitioner's application for adjustment of status, which he is otherwise entitled to, all, in violation of, 18 U.S.C. §§ 241 [21], 242 [22], 371 [23] for which Petitioner is entitled to relief under the Writ of Habeas Corpus, 28 U.S.C. § 2241 [24], 42 U.S.C. 1983, as well as any other relief available under the Administrative Procedures Act (APA), 5 U.S.C. §701 *et seq*., Title 28 U.S.C. §1331 as a "[f]ederal question" is being presented, wherewith the District Court authorized to fashion a remedy for Petitioner under § 1361 "in the nature of mandamus"., and the All Writs Act, Title 28 U.S.C. § 1651.

---

[21] Titled, "Conspiracy Against Rights".
[22] Titled, "Deprivation of rights under color of law".
[23] Titled, "Conspiracy to commit offense or to defraud United States".
[24] Titled, "Power to grant writ [of Habeas Corpus]".

*J. M. Rodriguez-Delgado v. NOEM, et al.*
Writ of Habeas Corpus/Bivens Action
**Page 9 of 10**

The Bivens Act [25], enacted at Title 42 U.S.C. 1983, provides,

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

---

[25] *Bivens* action" comes from *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## Prayer for Relief

**WHEREFORE**, Petitioner seeks from this U.S. District Court,

- an EMERGENCY hearing on this petition for Writ of Habeas Corpus, Bivens Action, and other relief sought herein,

- Petitioner's immediate release from DHS custody,

- a declaratory judgement under 28 U.S.C. § 2201, that expedited removal proceedings are not legally applicable to Petitioner,

- an order, temporarily enjoining the DHS from applying expedited removal proceedings against Petitioner, or, in any way physically removing Petitioner from the U.S. to ANY foreign country, pending disposition of the Petitioner's petition for Writ of Habeas Corpus, Bivens Action, and other relief sought,

- an order requiring USCIS's to continue processing Petitioner's Form I-485 (application for adjustment of status), and,

- if Petitioner is successful in this petition, an order granting legal fees and costs under the Equal Access to Justice Act (EAJA) for Petitioner having brought this action before this Court, including, but not limited to,

- any other relief that may become available to Petitioner or which this this Honorable District Court may identify.

Respectfully Submitted,

/s/STEVEN A. GOLDSTEIN
**STEVEN A. GOLDSTEIN**
**Florida Bar No. 303150**
*Counsel for Petitioner*
**3401 N. Miami Ave.**
**Suite 235**
**Miami, Florida 33127**
**Tel: (305) 856-0400**
**Fax: (305) 856-0401**
**E-mail: sgoldstein@pozogoldstein.com**